IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMMY QUINTANILLA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. C-07-277 |
| MICHAEL J. ASTRUE, | § | |
| Commissioner, | § | |
| Social Security Administration, | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed a social security disability benefits action pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g). Pending before this Court is plaintiff's motion for default judgment.[1] (D.E. 7).

For the reasons stated herein, it is respectfully recommended that plaintiff's motion for default judgment be denied.

**BACKGROUND**

Plaintiff implicitly asserts that the Commissioner has failed to file an answer in the pending case within 60 days of being served with the complaint, and therefore, due to this failure the plaintiff is entitled to default judgment. Specifically, the Commissioner received a summons and complaint on August 22,

---

[1] On January 18, 2008, a hearing was held to address plaintiff's motion.

2007. (D.E. 4). Additionally, the Attorney General of the United States and the United States Attorney for the Southern District of Texas received their summonses and complaints on August 22, 2007. (D.E. 5, 6).

On January 16, 2008, defendant filed a motion for leave to file its answer out of time. (D.E. 11). That motion was granted on January 18, 2008.

## DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is committed to the discretion of the district judge." Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); accord Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

In social security cases, default judgment cannot be entered in favor of the claimant unless there has been a showing of substantial evidence to support the claimant's claim. See Carroll v. Sec'y, Dep't of Health, Educ. & Welfare, 470 F.2d 252, 256 (5th Cir. 1972); Rogers v. Barnhart, 365 F. Supp.2d 803, 808 (S.D. Tex. 2004) (citations omitted). In other words, there must be a sufficient basis in

the pleadings for default judgment to be entered.  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Indeed, Rule 55 of the Federal Rules of Civil Procedure establishes that "[a] default judgment may be entered against the United States, its officers or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d); accord Mason, 562 F.2d at 345; Carroll, 470 F.2d at 255-56.  Both plaintiff's complaint and the motion for default judgment may be fairly described as minimalist in character.  On the pleadings filed to date, default judgment would be inappropriate.  Accordingly, it is respectfully recommended that plaintiff's motion for default judgment be denied.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for default judgment, (D.E. 7), be denied.

Respectfully submitted this 22nd day of January 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).